# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO PEGUEROS,<br><br>                    Petitioner,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                   Respondent. | Case No. 11cv01804 BTM;<br>08cr04406 BTM<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY** |

On August 11, 2011, Petitioner Eduardo Pegueros, proceeding *pro se*, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 284 ("Pegueros Br.").)[1] On October 28, 2011, the government filed a response to Mr. Pegueros's motion. (Doc. 290 ("Government Br.").) On November 16, 2011, the Court received from Mr. Pegueros a request to continue the motion hearing date. (Doc. 295.) The Court granted Mr. Pegueros's request and continued the deadline for Mr. Pegueros to submit his reply brief from December 2, 2011, to December 30, 2011. (Doc. 292.) Ultimately, however, the Court never received a reply brief from Mr. Pegueros. The Court has reviewed the record, the parties' submissions, and the supporting exhibits attached thereto, and for the reasons set forth herein, the Court **DENIES** Mr. Pegueros's motion.

---

[1] All document number references are to the criminal docket in this matter, 08cr04406 BTM.

# BACKGROUND

On December 11, 2008, Mr. Pegueros was charged with one count of Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering ("Count 1"). (Doc. 1.) On February 26, 2009, a grand jury returned a superceding indictment adding one count of knowingly and intentionally conspiring to distribute 500 grams and more of methamphetamine ("Count 2"), and one count of being a felon in possession of a firearm ("Count 3"). (Doc. 29.)

On October 28, 2009, Mr. Pegueros pleaded guilty to Count 1 pursuant to a written plea agreement. (Doc. 101.) On November 3, 2010, the Court sentenced Mr. Pegueros to a term of imprisonment of 82 months and a term of supervised release of three years.

# DISCUSSION

Mr. Pegueros's motion fails for two reasons: First, he waived his right to collaterally attack his conviction and sentence, and second, his individual claims of ineffective assistance of counsel lack merit.

a.   Waiver

A voluntary waiver of appeal or collateral attack of a conviction and sentence is enforceable. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). The Ninth Circuit approves of such waivers on public policy grounds, as finality is "perhaps the most important benefit of plea bargaining." United States v. Navarro-Botello, 912 F.2d 318, 322 (9th Cir. 1990).

If ineffective assistance of counsel renders the plea agreement containing the waiver involuntary, the defendant may appeal or collaterally attack his sentence. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that "a plea agreement that waives

the right to file a federal habeas petition under 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver"). See also Pruitt, 32 F.3d at 433 (expressing "doubt" that such a waiver could be enforceable in a § 2255 context).

The plea agreement in the present case, under a paragraph entitled "Defendant Waives Appeal and Collateral Attack," provides:

> In exchange for the Government's concessions in this plea agreement, Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order.

(Doc. 101 at 11.) Mr. Pegueros has not alleged that the government failed to perform its obligations under the plea agreement. Indeed, the government dismissed the remaining charges (Government Br. Ex. 3 ("Sentencing Transcript") at 36), and fulfilled its obligation to "recommend Defendant be sentenced at the low-end of the resulting Guideline range as contemplated by this agreement." See Doc. 101 at 10; Sentencing Transcript at 26-27 (documenting discussion regarding government's recommendation, in which Court stated its belief that government is in compliance with plea agreement, and Mr. Pegueros waived challenge to government's sentencing recommendation).

Consequently, the waiver contained in the plea agreement forecloses Mr. Pegueros's present challenge unless he can establish that he did not knowingly and voluntarily enter the plea agreement generally or the waiver provision in particular--either as a result of ineffective assistance of counsel or otherwise. In this vein, Mr. Pegueros claims: "Counsel failed to review the case with Petitioner so that Petitioner adequately understood the charges brought against him by the federal government. And failed to adequately explain the plea [a]greement to Petitioner's understanding." (Pegueros Br. at 6.) Mr. Pegueros does not provide any factual basis to support these allegations. The record of this case, on the other hand, strongly contradicts Mr. Pegueros's present claim.

**Plea agreement**: The plea agreement itself represents that "Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea[.]" (Doc. 101

at 7.) The plea agreement specifies that the "the crimes to which Defendant is pleading guilty carry . . . a maximum sentence of 20 years in prison" (id. at 6), and that "Defendant . . . understands that . . . the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction" (id. at 8.) It further states: "By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect." (Id. at 11.) Lastly, it represents that "Defendant has consulted with counsel and is satisfied with counsel's representation." (Id. at 12.)

**Plea hearing**: Mr. Pegueros confirmed the substance of the plea agreement orally before the Court at his plea hearing. (See Government Br. Ex. 2 ("Plea Transcript") at 9-17.) Specifically, Mr. Pegueros agreed that he "discussed these charges and proceedings with [his] lawyer" (id. at 9); that he was "satisfied with his legal advice and counsel" (id. at 10); that he "read the plea agreement," "[went] over each page and line carefully with [his] lawyer[,]" and "the agreement contain[s] each and every promise, representation, and inducement that [he relied] on to plead guilty" (id. at 12); and that he "initial[ed] each page of the entire agreement indicating that [he] understood it and had gone over it with [his] lawyer" (id. at 13).

With respect to his sentence, Mr. Pegueros confirmed he understood that he "could be sentenced up to 20 years in jail" (id. at 7), that the Court "can impose a sentence less than or greater than what the government recommends" (id. at 14), and that if the Court imposes "a sentence different that what the government recommends[,] neither [Mr. Pegueros] nor the government can withdraw from the guilty plea" (id.).

With respect to the waiver provision itself, the Court first explained:

> Ordinarily a defendant has a right to appeal or collaterally attack a sentence or conviction, asking this court or a higher court to vacate, modify, reverse, or reduce the sentence based on legal errors or violations of your rights. You would have the right to appeal to the court of appeals or to the Supreme Court or to ask this court to vacate the conviction, but it says in the plea agreement that you are waiving, forever giving up, your right to do that. Do you understand that?

(Id. at 16.) After agreeing that he understood, the Court then asked: "Is that what you are

agreeing to, to forever waive and give up your right to appeal and attack the sentence and conviction?" (Id. at 16-17.) Mr. Pegueros stated: "Yes." (Id. at 17.)

**Sentencing hearing**: After sentencing Mr. Pegueros, the Court attempted to re-confirm that Mr. Pegueros had waived his right to appeal or attack his sentence and conviction. (Sentencing Transcript at 33.) Mr. Pegueros's attorney re-confirmed the waiver (id.), but Mr. Pegueros himself expressed hesitation: "I apologize, your Honor. I am reluctant. I honestly don't feel that I deserve 82 months. That's all. That's going to waste a lot of my life. Just the time that I have done already in this place has been very tormenting for me." (Id. at 34.) After a lengthy conversation, the Court stated:

> [Mr. Pegueros's] attorney has indicated that he thinks there has been a waiver of his right to appeal or collaterally attack the sentence and conviction. I don't believe there is any requirement that the defendant admit it under the plea agreement. If he has waived or not waived will be an issue at some other time, if he appeals or seeks to collaterally attack the sentence and conviction.

(Id. at 36.)

The time is now ripe for a determination of the waiver issue. In light of all the circumstances described in the preceding paragraphs, the Court finds that neither Mr. Pegueros's hesitation at the sentencing hearing to re-confirm the waiver of appeal nor the alleged ineffective assistance renders the waiver ineffectual. Under controlling law, the procedures used by the Court during the plea hearing were "sufficient to find a knowing and voluntary waiver." United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996). Mr. Pegueros's hesitation to re-confirm at the sentencing hearing clearly was motivated by his emotional response to his sentence, rather than any misunderstanding regarding the terms of the plea agreement or any dissatisfaction with his representation. Despite his hesitation, Mr. Pegueros continued to enjoy the benefits bargained for in the plea agreement: The government dismissed all of the remaining charges and recommended a prison sentence at the low end of the Guidelines range, and the Court ultimately imposed an 82-month sentence--lower than the 92-month sentence recommended by the government. Moreover, in this motion, Mr. Pegueros has failed to allege *any factual basis* for his claim that he

received ineffective assistance of counsel with respect to the waiver of his right to bring the present challenge. Since the Court, upon a thorough review of the record, finds no indication that Mr. Pegueros received ineffective assistance of counsel or that the waiver was otherwise involuntary, the Court holds that Mr. Pegueros is barred from bringing the present challenge by the plain terms of his plea agreement. (See Doc. 101 at 11.)

b.  Merits

Even if the waiver in this case were unenforceable, Mr. Pegueros's individual claims of ineffective assistance of counsel lack merit. To demonstrate ineffective assistance, Mr. Pegueros must show that (a) counsel's performance was deficient, and (b) the deficient performance caused him prejudice. Strickland v. Washington, 466 U.S. 668, 690-92 (1984). In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." Id. at 689. The Court addresses each of Mr. Pegueros's claims of ineffective assistance in turn.

### 1.  Failure to file appeal

First, Mr. Pegueros alleges that his attorney, Robert Carriedo, failed to file a direct appeal of his "entire case and the way it was handled," despite Mr. Pegueros's insistance that he do so. (Pegueros Br. at 4.) As stated above, Mr. Pegueros waived his right to an appeal as part of his plea agreement. Since any appeal filed by Mr. Carriedo on Mr. Pegueros's behalf could have constituted a breach of the plea agreement, allowing the government to reinstate charges it had dismissed, Mr. Carriedo's alleged refusal to do so does not render his assistance "deficient."  Moreover, Mr. Pegueros does not explain why he believes an appeal would have been beneficial in his case, and thus has not established prejudice.

### 2.  Failure to challenge search warrant

The second ground on which Mr. Pegueros claims ineffective assistance is Mr. Carriedo's alleged failure to "challenge the search warrant executed at the residential home of Petitioner's Grandmother." (Id. at 5.) Mr. Pegueros concedes that "law enforcement did not find any tangible evidence" as a result of this warrant, but claims that the "search warrant itself[] is laced with inaccurate information, falsehoods, and fabrications" and that "law enforcement was deliberately and intentionally misled by their informant[.]" (Id.) Mr. Pegueros also alleges that he pointed out these defects to Mr. Carriedo, but "counsel refused to investigate and act upon Petitioner's instructions and requests that counsel should investigate and challenge the face of the search warrant." (Id.)

Even assuming all of Mr. Pegueros's factual allegations regarding the search warrant are true, he fails to explain how he would have benefitted from challenging it, except for his assertion that it "establishes a pattern of inconsistencies with the fact finding of this case." This conclusory allegation does not establish prejudice, particularly in light of the fact that Mr. Pegueros's participation in the conspiracy forming the basis of his plea was documented by a video recording in which he appeared at a meeting with other conspirators, and in which he displayed, at the behest of another member of the conspiracy, a gun in his possession. (Sentencing Transcript at 13.) Moreover, even if Mr. Pegueros could somehow establish standing to challenge the search of his grandmother's residence, he admits that no tangible evidence was seized. Thus, Mr. Carriedo's alleged failure to investigate and argue defects in the warrant to search Mr. Pegueros's grandmother's house does not in any way suggest ineffective assistance of counsel.

### 3. Other grounds

The remaining grounds on which Mr. Pegueros alleges ineffective assistance are conclusory and without any factual basis demonstrating prejudice. Mr. Pegueros baldly asserts that "Robert Carriedo failed to file for a hearing for a motion to suppress evidence and witness statements, before presenting Petitioner with a 3559 Plea Agreement offered

1 | by the government[,]" that he "failed to provide Petitioner with any discovery documents[,]"
2 | and that he "failed to investigate the case." (Pegueros Br. at 6.)  Mr. Pegueros offers no
3 | explanation or factual support for any of these claims.  Additionally, these claims contradict
4 | his sworn representations that he was satisfied with his representation in the case (see page
5 | 4, supra), and that he had "gone over all the facts and evidence with [Mr. Carriedo] and
6 | explored the possible defenses that [he] might be able to raise" (Plea Transcript at 10).
7 | Thus, his claim of ineffective assistance of counsel on these remaining grounds similarly fails.

c. <u>No hearing required</u>

The court is not required to hold an evidentiary hearing when ruling on § 2255 motions.  28 U.S.C. § 2255; <u>Shah v. United States</u>, 878 F.2d 1156, 1159-60 (9th Cir. 1989). Section 2255 allows courts to forego such a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; <u>United States v. Racich</u>, 35 F. Supp. 2d 1206, 1221 (S.D. Cal. 1990).  The Court finds an evidentiary hearing is not required in this matter because the parties' submissions and the records conclusively demonstrate that Mr. Pegueros is not entitled to relief.

//
//
//
//
//
//
//
//

**CONCLUSION**

For the reasons set forth above, the Court finds that Mr. Pegueros has waived his right to collaterally challenge his conviction and sentence in this matter and that he has not established ineffective assistance of counsel. Accordingly, the Court **DENIES** Mr. Pegueros's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Dated: September 10, 2012

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge